**Exhibit 1**

**(Proposed Order)**

38415094.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :    Chapter 11
                                                                   :
GVS Portfolio I B, LLC,                                            :    Case No. 21-10690 (CSS)
                                                                   :
           Debtor.                                              :    **Related to Docket No. __**
                                                                   :
                                                                   :
------------------------------------------------------------------ x

**ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE PURSUANT TO SECTIONS 1112(b) AND 305(a) OF THE BANKRUPTCY CODE AND OTHERWISE GRANTING STAY RELIEF PURSUANT TO SECTIONS 362(D)(1) AND 362(D)(2)**

Upon consideration of the motion (the "Motion") of RREF III Storage LLC ("RREF") seeking entry of an order pursuant to sections 105, 349(a), 1112(b) and 305(a) of title 11 of the United States Code (the "Bankruptcy Code") dismissing the chapter 11 case of GVS Portfolio I B, LLC (the "Debtor") with prejudice, or in the alternative, pursuant to sections 362(d)(1) and (d)(2) of the Bankruptcy Code for relief from the automatic stay, and all pleadings and evidence related thereto; and the Court having jurisdiction over the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditor(s), and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein, and after due deliberation and sufficient cause appearing therefor; it is hereby:

ORDERED that the Motion is GRANTED in its entirety; and it is further

ORDERED that the above captioned chapter 11 case of the Debtor is DISMISSED WITH PREJUDICE against the Debtor from filing another case under any chapter of the Bankruptcy

38415094.2

Code for a period of six months from the date of this Order without first obtaining leave from this Court to file a new bankruptcy case on notice to RREF; and it is further

ORDERED that RREF is granted relief from the automatic stay to exercise any rights, including cure rights, that it may have to protect its collateral and to exercise its state-law rights and remedies against its collateral, including without limitation, the right to reregister the Debtor's pledged 100% membership interest in GVS Portfolio I, LLC, and to continue and complete the foreclosure sale of such interest in compliance with the terms and procedures for the sale that had been approved in the NYS Court in its decision denying the preliminary injunction, to transfer title to such interest, and to apply the sale proceeds (if any) to the Debtor's obligations to RREF, provided further, however, and for the avoidance of doubt, to the extent permitted by the Mezz 2 Loan Documents and the Intercreditor Agreement, that RREF may make payments on behalf of the Debtor to protect its collateral, and such payments shall be allowed as first-priority administrative expense claims against the Debtor; and it is further

ORDERED that RREF is granted relief from the automatic stay to apply any amounts on deposit in the PNC Cash Management Account to the Debtor's obligations to RREF; and it is further

ORDERED that notwithstanding any possible application of Federal Rules of Bankruptcy Procedure 6006(d), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

3

ORDERED that this Court shall retain jurisdiction to hear and determine any motion for sanctions as well as all matters arising from the implementation of this Order.