# Exhibit 13

## MEZZANINE ASSIGNMENT AND ASSUMPTION AGREEMENT

### (Mezzanine 2 Loan)

THIS MEZZANINE ASSIGNMENT AND ASSUMPTION AGREEMENT **(Mezzanine 2 Loan)** (this "**Agreement**") is made as of the 8th day of March, 2021, between **TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA**, a New York corporation, for the benefit of the Separate Real Estate Account, having an address at 730 Third Avenue, New York, New York 10017 ("**Assignor**"), and **RREF III STORAGE LLC**, a Delaware limited liability company, having an address at c/o Related Funds Management, 30 Hudson Yards, New York, NY 10001 ("**Assignee**").

### RECITALS:

**WHEREAS**, pursuant to that certain Mezzanine 2 Loan Agreement, dated as of November 30, 2018 (the "**Original Loan Agreement**"), by and between UBS AG, by and through its branch office located at 1285 Avenue of the Americas, New York, New York (the "**Original Lender**") and GVS Portfolio I B, LLC, a Delaware limited liability company ("**Borrower**"), Original Lender made a loan (the "**Original Loan**") to Borrower in the original principal amount of $63,000,000.00, which Original Loan is evidenced, in part, by that certain Promissory Note (Mezzanine 2 Loan), dated as of November 30, 2018, in the stated principal amount of $63,000,000.00, given by Borrower to Original Lender (the "**Original Note**") and secured by certain Loan Documents (as such term is defined in the Original Loan Agreement, and hereinafter referred to as the "**Original Loan Documents**");

**WHEREAS**, pursuant that that certain Mezzanine Loan Purchase and Sale Agreement, dated as of December 3, 2018, the Original Loan was sold and transferred by Original Lender to Seller, and, in connection therewith, *inter alia*, (i) Original Lender and Seller executed and delivered, (i) an Assignment and Assumption Agreement, dated as of December 3, 2018, relating to the assignment to, and assumption by, Seller of the Original Loan and the Original Loan Documents, and (ii) Original Lender executed and delivered a Note Allonge, dated as of December 3, 2018, which endorsed and assigned the Original Note to the order of Seller;

**WHEREAS**, the Original Loan Agreement and other Original Loan Documents were modified by that certain Omnibus Amendment to Mezzanine 2 Loan Documents, dated as of January 7, 2019, by and between Borrower and Seller (the "**Omnibus Amendment**"; the Original Loan Agreement, as amended by the Omnibus Amendment, as the same may be amended, restated, supplemented or otherwise modified from time to time, is hereinafter referred to as the "**Loan Agreement**"), pursuant to which the Original Loan was increased by a supplemental loan in the principal amount of $19,000,000.00 (the "**Supplemental Loan**") (the Original Loan, as so increased by the Supplemental Loan to an aggregate principal amount of $82,000,000.00, is hereinafter referred to as the "**Loan**"), which Supplemental Loan is evidenced by a Supplemental Promissory Note (Mezzanine 2), dated as of January 7, 2019, in the stated principal amount of $19,000,000.00, made by Borrower in favor of Seller (the "**Supplemental Note**"; and together with the Original Note, the "**Notes**"), and secured by the Original Loan Documents, as amended by the Omnibus Amendment (the Original Loan Documents, as amended by the Omnibus Amendment, as the same may be amended, restated, supplemented or otherwise modified from time to time, are hereinafter referred to as the "**Loan Documents**");

ny-2075602

**WHEREAS,** the Loan is subject to the terms of that certain Intercreditor Agreement, dated as of November 30, 2018, relating to the Loan, the Senior Loan (as defined therein), and the Mezzanine 1 Loan (as defined therein) (the "**Intercreditor Agreement**"); and

**WHEREAS**, pursuant to that certain Mezzanine Loan Purchase and Sale Agreement (Mezzanine 2 Loan), dated as of March 8, 2021, entered into between Assignor and Assignee (the "**Sale Agreement**"), Assignee has agreed to purchase from Assignor, and Assignor has agreed to sell to Assignee, all of Assignor's right, title and interest in and to the Loan pursuant to and in accordance with the terms of the Sale Agreement.

**NOW, THEREFORE,** in consideration of the covenants, agreements, representations and warranties of Assignor and Assignee set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each of Assignor and Assignee, Assignor and Assignee do hereby agree as follows:

1. Defined terms are indicated herein by initial capital letters. Initially capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Loan Agreement.

2. Assignor hereby assigns to Assignee all of its right, title, and interest in and to (a) the Notes, the Loan, the Loan Agreement and the other Loan Documents, (b) all collateral security related to the Loan (including, without limitation, all such right, title and interest of Assignor in, to and under the Pledged Interests), and (c) all proceeds of the foregoing (collectively, the "**Transferred Asset**"), subject in each case to the terms and provisions of the Intercreditor Agreement.

3. Assignor, in its capacity as Junior Mezzanine Lender (as such term is defined in the Intercreditor Agreement), hereby assigns to Assignee all of its right, title and interest in and to the Intercreditor Agreement.

4. Assignee hereby represents that (a) it is a "Qualified Transferee" as defined in the Intercreditor Agreement, and (b) future assignments of all or any portion of the Transferred Asset shall be in accordance with the terms of the Intercreditor Agreement.

5. Assignee hereby accepts the foregoing assignment of all of Assignor's right, title, and interest in and to the Transferred Asset and the Intercreditor Agreement and hereby assumes and agrees to fulfill, perform and discharge, from and after the date hereof, all of the various commitments, obligations and liabilities of Assignor under the Intercreditor Agreement and the Transferred Asset accruing from and after the date hereof and hereby agrees to be bound by the terms and provisions thereof, to the same effect as if Assignee had been Assignor under the Intercreditor Agreement. In addition, Assignee hereby remakes each of the representations and warranties contained in Sections 4(b) and 4(d) of the Intercreditor Agreement which are applicable to the Purchased Asset as of the date hereof for the benefit of Senior Lender and Mezzanine 1 Lender (as such terms are defined in the Intercreditor Agreement); provided, however, (w) with respect to the representations made in the first and last sentences of Section 4(d)(i) of the Intercreditor Agreement, such representations are qualified to be made to Assignee's knowledge, and the first sentence is modified to include the Loan Documents listed on Exhibit A attached hereto, (x) with respect to the representations made in Section 4(d)(ii) of the Intercreditor Agreement, Assignee makes such representation only with respect to the portion of the Loan it is assuming, (y) with respect to the representations made in Sections 4(b)(iii), 4(b)(iv) and 4(b)(v) of the Intercreditor Agreement

that refer to the execution and delivery of the Intercreditor Agreement, such representations shall be deemed to refer to the execution and delivery of this Agreement, and (z) with respect to the second sentence of Section 4(d)(i) of the Intercreditor Agreement, such representations are qualified and shall be deemed modified by the disclosures of Assignor in Schedule 1 to this Agreement.

6. In addition, Assignor hereby assigns to Assignee all of its right, title and interest in and to the JLL Agreement (as defined in the Sale Agreement) and the Auctioneer Agreement (as defined in the Sale Agreement), and Assignee agrees to assume the same, provided the conditions of such assumption shall be subject to any requirements stipulated by JLL or Auctioneer, on the one hand, and Assignee, on the other hand. Assignee hereby acknowledges and agrees that it shall be solely liable and responsible for all costs, expenses, commissions, fees, and other charges payable under the JLL Agreement and the Auctioneer Agreement on and after the date hereof.

7. Except as set forth in the Sale Agreement the assignments contemplated herein are made without representation or warranty, express or implied and without recourse to the Assignor in any manner whatsoever.

8. This Agreement shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns.

9. THIS AGREEMENT AND THE RESPECTIVE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND TO BE PERFORMED ENTIRELY WITHIN SUCH STATE.

10. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, together, shall be deemed one agreement.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, each of the undersigned has caused this Agreement to by duly executed as of the dated first written above.

ASSIGNOR:

**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA**, a New York corporation, for the benefit of the Separate Real Estate Account

By: _____
Name:    **Richard Tsui**
Title:    **Senior Director**

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

ny-2075602

**ASSIGNEE:**

**RREF III STORAGE LLC**,
a Delaware limited liability company

By: _____
Name: Michael Winston
Title: Authorized Signatory

# SCHEDULE I

# DEFAULTS AND EVENTS OF DEFAULT

Notices evidencing defaults and Events of Default, were delivered by Seller via letters dated:

- November 5, 2019
- December 6, 2019
- December 20, 2019
- January 22, 2020
- February 25, 2020
- March 24, 2020
- April 28, 2020
- May 20, 2020
- June 23, 2020
- July 14, 2020
- July 16, 2020
- August 14, 2020
- December 16, 2020
- January 22, 2021
- February 17, 2021

# EXHIBIT A

## LOAN DOCUMENTS

### I. Original Loan Documents

(All Original Loan Documents are dated as of November 30, 2018 unless otherwise noted)

1. Mezzanine 2 Loan Agreement by and between GVS Portfolio I B, LLC ("**Borrower**") and UBS AG, by and through its branch office located at 1285 Avenue of the Americas, New York, New York ("**Original Lender**").

2. Promissory Note (Mezzanine 2 Loan) executed by Borrower in favor of Original Lender.

3. Pledge and Security Agreement (Mezzanine 2 Loan) executed by Borrower in favor of Original Lender.

4. Subordination of Management Agreement (Mezzanine 2 Loan) executed by Borrower and Original Lender and consented and agreed to by Great Value Storage, LLC, a Texas limited liability company, as manager.

5. Guaranty of Recourse Obligations (Mezzanine 2 Loan) executed by Natin Paul, an individual ("**Guarantor**"), as guarantor, in favor of Original Lender.

6. Environmental Indemnity Agreement (Mezzanine 2 Loan) executed by Borrower and Guarantor in favor of Original Lender.

7. UCC-1 Financing Statement given by Borrower, as debtor, in favor of Original Lender, as secured party, filed with the Secretary of State of the State of Delaware.

8. Borrower's Certification (Mezzanine 2 Loan).

9. Acknowledgment and Consent executed by Mezzanine 1 Borrower to Original Lender.

10. Instruction to Register Pledge executed by Borrower and Original Lender.

11. Confirmation Statement and Instruction Agreement executed by Mezzanine 1 Borrower and acknowledged and agreed to by Borrower and Original Lender.

12. Certificate for Limited Liability Company Membership Interests in Mezzanine 1 Borrower.

13. Manager Certificate, executed by Natin Paul on behalf of World Class Management, LLC.

14. UCCPlus Insurance Policy, issued by Fidelity National Title Insurance Company.

15. Post-Closing Agreement executed by Original Lender and Borrower.

16. Intercreditor Agreement, by and among Senior Lender, Mezzanine 1 Lender and

Mezzanine 2 Lender.

**II.     Loan Transfer Documents**
(All Loan Transfer Documents are dated as of December 3, 2018 unless otherwise noted)

1. Mezzanine Assignment and Assumption Agreement, between Original Lender, as Assignor, and Teachers Insurance and Annuity Association of America, for the benefit of the Separate Real Estate Account, as Assignee ("**Prior Lender**")

2. Note Allonge, made by Original Lender in favor of Prior Lender, as Assignee, with respect to the Original Note

3. UCC-3 Financing Statement – Amendment No. 2018 8373934, filed 12/04/2018

**III.    Loan Increase Documents**
(All Loan Increase Documents are dated as of January 7, 2019 unless otherwise noted)

1. Omnibus Amendment to Mezzanine 2 Loan Documents, executed by Borrower and Prior Lender, and consented to by Guarantor

2. Supplemental Promissory Note, executed by Borrower in favor of Prior Lender, as Lender

3. Acknowledgement and Consent to Omnibus Amendment to Mezzanine 2 Loan Documents, by Senior Lender and Mezzanine 1 Lender

**IV.    Second Loan Transfer Documents**
(All Second Loan Transfer Documents are dated as of March 8, 2020 unless otherwise noted)

1. Mezzanine Assignment and Assumption Agreement, between Prior Lender, as Assignor, and RREF III Storage LLC ("**New Lender**", as Assignee

2. Note Allonge, made by Prior Lender in favor of New Lender, as Assignee, with respect to the Original Note

3. Note Allonge, made by Prior Lender in favor of New Lender, as Assignee, with respect to the Supplemental Promissory Note

4. UCC-3 Financing Statement – to be filed

ny-2075602