# Exhibit 18



750 E. PRATT STREET SUITE 900 BALTIMORE, MD 21202
T 410.244.7400 F 410.244.7742 www.Venable.com

**NOTICE OF SENIOR LOAN DEFAULT AND PURCHASE OPTION EVENT**

April 5, 2021

**VIA OVERNIGHT COURIER**

RREF III Storage LLC
c/o Related Funds Management
30 Hudson Yards
New York, NY 10001
Attn: Michael Winston

ESS-GV Holdings LLC
c/o Extra Space Storage
2795 East Cottonwood Parkway, #400
Salt Lake City, Utah 84121
Attn: Kirk Grimshaw

ESS-GV Holdings LLC
c/o Extra Space Storage
2795 East Cottonwood Parkway, #400
Salt Lake City, Utah 84121
Attn: Noah Springer

Re: Intercreditor Agreement dated as of November 30, 2018 (the "Intercreditor Agreement") by and among (i) Wells Fargo Bank, National Association, as Trustee, for the benefit of the UBS Commercial Mortgage Pass-Through Certificates, Series 2018-C15 (as Senior Lender), (ii) ESS-GV Holdings LLC (as Mezzanine 1 Lender) and (iii) RREF III Storage LLC (as Mezzanine 2 Lender). Each party listed above is a successor-in-interest to UBS AG, by and through its branch office at 1285 Avenue of the Americas, New York, New York. Capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Intercreditor Agreement.

Dear Junior Lenders:

I write on behalf of Midland Loan Services, a division of PNC Bank, National Association, in its capacity as Special Servicer on behalf of Senior Lender in connection with the Senior Loan.

Please be advised that the Borrower is in default under the terms of the Senior Loan Documents, and that the default letter set forth on Exhibit A hereto is being sent to Borrower as of even date herewith. This letter shall constitute a Senior Loan Default Notice as required by Section 12(a) of the Intercreditor Agreement. The failure of Borrower, Junior Lenders or any Loan Pledgee to cure said default before expiration of the applicable cure periods set forth in the Senior Loan Agreement and Intercreditor Agreement (as applicable) shall cause such default to become a Continuing Event of Default.

Also, please be advised that a Purchase Option Event has occurred by virtue of, inter alia, the Senior Loan becoming a "specially serviced mortgage loan" under the pooling and servicing agreement governing the Senior Loan. This letter shall constitute a Purchase Notice as required by Section 14(a) of the Intercreditor Agreement.

**If you choose to exercise your right to purchase the Senior Loan under Section 14(a) of the Intercreditor Agreement, such election must be made upon at least ten (10) Business Days' prior written notice to Senior Lender.**

Should you have any questions regarding this matter, please contact Charles Hendricks at 913-253-9647 or via email at chendric@midlandls.com.

Very truly yours,

/s/ Gregory A. Cross

Gregory A. Cross

cc:

Charles Hendricks (via email to chendric@midlandls.com)
Catherine.Mastsumoto (via email to catherine.matsumoto@midlandls.com)

Morrison & Foerster LLP (via overnight courier)
250 West 55th Street
New York, NY 10019
Attn: Jeffrey J. Temple, Esq.

Lewis Roca Rothergerber Christie LLP (via overnight courier)
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595
Attn: Kenneth Van Winkle, Jr.



750 E. PRATT STREET SUITE 900 BALTIMORE, MD 21202
T 410.244.7400 F 410.244.7742 www.Venable.com

Exhibit A

Borrower Default Letter



750 E. PRATT STREET SUITE 900 BALTIMORE, MD 21202
T 410.244.7400 F 410.244.7742 www.Venable.com

Greg A. Cross
T 410-244-7725
F 410-244-7742
GACross@venable.com

April 5, 2021

**VIA OVERNIGHT MAIL AND EMAIL**

Great Value Storage
814 Lavaca Street
Austin, Texas 78701
Attn: Natin Paul
Email: npaul@world-class.com

Great Value Storage
767 Fifth Avenue, 16th Floor
New York, New York 10153
Attn: General Counsel

Great Value Storage
244 Fifth Avenue, Suite 2200
New York, New York 10001
Attn: General Counsel

Re: That certain loan (the "**Loan**") in the original principal amount of $110,000,000.00 as evidenced by those certain promissory notes dated November 30, 2018, including Note A-1-1, Note A-2-1, Note A-2-2, Note A-3, Note A-4, Note A-5, and Note A-6, as they may have been amended, restated, and/or replaced (collectively, the "**Note**") executed by (i) GVS Colorado Holdings I, LLC, (ii) GVS Illinois Holdings I, LLC, (iii) GVS Indiana Holdings I, LLC, (iv) GVS Missouri Holdings I, LLC, (v) WC Mississippi Storage Portfolio I, LLC, (vi) GVS Nevada Holdings I, LLC, (vii) GVS New York Holdings I, LLC, (viii) GVS Ohio Holdings I, LLC, (ix) GVS Ohio Holdings II, LLC, (x) GVS Tennessee Holdings I, LLC, (xi) GVS Texas Holdings I, LLC and (xii) GVS Texas Holdings II, LLC, each a Delaware limited liability company (collectively, "**Borrower**"), and made payable to UBS AG, by and through its branch office at 1285 Avenue of the Americas, New York, New York, which Notes are currently held by Wells Fargo Bank, National Association, as Trustee, for the benefit of the Registered Holders of UBS Commercial Mortgage Trust 2018-C15 Commercial Mortgage Pass-Through Certificates, Series 2018-C15 ("**Lead Securitization Noteholder**"), Wells Fargo Bank, National Association, as Trustee, for the benefit of the Registered Holders of UBS Commercial Mortgage Trust 2019-C16 Commercial Mortgage Pass-Through Certificates, Series 2019-C16, and Wilmington Trust, National Association, as Trustee, for the benefit of Wells Fargo Commercial Mortgage Trust 2019-C50 Commercial Mortgage Pass-Through Certificates, Series 2019-C50 (collectively, the "**Lender**").

The Loan is secured by, inter alia, the Security Instruments (as defined in the Loan Agreement), and the terms and conditions of the Loan are set forth in the Loan Agreement dated as of even date with the Note (the "**Loan Agreement**").

VENABLE LLP



Repayment and performance of the Note are guaranteed, in part, by that certain Guaranty of Recourse Obligations by Natin Paul, an individual ("**Guarantor**"), dated as of even date with the Note (the "**Guaranty**"), and that certain Environmental Indemnity Agreement by Borrower and Guarantor also dated as of even date with the Note (the "**Environmental Indemnity**"). The Note, Security Instruments, Loan Agreement, Guaranty, and Environmental Indemnity, together with all other documents executed in connection with the Note and Loan shall be collectively referred to as the "**Loan Documents**". All Loan Documents other than the Note are held by the Lead Securitization Noteholder on behalf of itself and in its capacity as "Lead Securitization Note Holder" or similar capacity under the related co-lender agreement on behalf of the related serviced companion noteholders.

Dear Borrower:

I write as counsel to Midland Loan Services, a division of PNC Bank, National Association ("**Special Servicer**") acting solely in its capacity as Special Servicer to the Lender.

On behalf of Special Servicer and in accordance with Special Servicer's policies and procedures, you are hereby notified that an **EVENT OF DEFAULT** has occurred and continues under the terms of the Loan Documents by virtue of, among other things, Borrower's failure substantially complete the Required Repairs by the required deadline for each Required Repair as contemplated by Section 6.1.3 of the Loan Agreement. Further, the Borrower is in default ("**Financial Reporting Default**") for failure to (i) timely furnish to Lender the quarterly reports contemplated by Section 4.1.6(c) of the Loan Agreement, which were due (but not provided) on June 30, 2020, September 30, 2020 and December 31, 2020, (ii) timely submit to Lender the Annual Budget contemplated by Section 4.1.6(h) of the Loan Agreement, which was due (but not provided) on November 2, 2020; and (iii) cause Guarantor to timely submit its year-end 2019 financial statements as contemplated by the Guaranty. Should Borrower not remedy the aforementioned Financial Reporting Default within thirty (30) days of Borrower's receipt of this notice (which, pursuant to Section 11.6 of the Loan Agreement, will be deemed to occur one (1) Business Day after the date hereof), such default shall constitute an additional **EVENT OF DEFAULT** under the Loan Documents.

Notwithstanding the exercise of the foregoing rights or the commencement or continuation of discussions or negotiations, the acceptance of payments, or the postponement or delay in taking action or exercising rights or remedies, Lender has not and does not waive the existence of the event of default referred to above or waive the existence of any other defaults which may exist. Similarly, no course of dealing, waiver, forbearance or consent is established by the terms of this letter.

VENABLE LLP



No negotiations, making or acceptance of payments, delay in making demand or enforcing rights or remedies, or other action or inaction undertaken pursuant to this letter or under the Loan Documents shall constitute a waiver of Lender's rights at law or under the Loan Documents unless specifically stated in a written agreement signed by Lender or Special Servicer.

Be advised that any payments received by Lender after the above-referenced default for less than the amount due under the Loan shall not be construed as Lender's agreement to accept a lesser amount as payment of amounts due under the Loan Documents nor shall it be construed as a modification to any terms of the Loan. Lender reserves and does not waive any of its rights or remedies under the Loan Documents, at applicable law or in equity, and may, at its election, apply such amounts received to amounts due under the Loan Documents (including, but not limited to, default interest, late charges and other similar amounts). Lender shall not be limited or restricted from enforcing any rights or remedies available to it, including, without limitation, commencing judicial or non-judicial foreclosure proceedings, seeking the appointment of a receiver to collect rents and profits, or otherwise administer the collateral.

If you are represented by an attorney, please provide me with the name and contact information for your attorney so that I may direct further communications through that person.

Should you have any questions regarding this matter, please contact me. I can be reached directly at 410-244-7725 or via email at GACross@venable.com.

Very truly yours,

/s/ Gregory A. Cross

Gregory A. Cross

cc: Charles Hendricks (via email to chendric@midlandls.com)
Catherine.Mastsumoto (via email to catherin.matsumoto@midlandls.com)

Wells Fargo Bank, National Association
Commercial Mortgage Servicing
MAC D1086
550 South Tryon Street, 14th Floor
Charlotte, North Carolina 28202
Reference: WFCM 2019-050 Asset Manager
(via overnight delivery)

VENABLE LLP



Wells Fargo Bank, National Association
Legal Department
301 South College St.
D1053-300
Charlotte, North Carolina 28202
Reference: Commercial Mortgage Servicing Legal Support
(via overnight delivery)

K&L Gates LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
Attention: Stacy G. Ackermann
(via overnight delivery)