# Exhibit 24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

| | |
|---|---|
| RREF III STORAGE LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>NATIN PAUL,<br><br>　　　　　　　　Defendant. | Index No. _____/2021<br><br>Motion Sequence No. 001<br><br>**NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT PURSUANT TO CPLR § 3213**<br><br>**Oral Argument Requested** |

　　　　PLEASE TAKE NOTICE that, upon the Summons dated April 16, 2021, the Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213, dated April 16, 2021; the Affidavit of Richard O'Toole in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213, dated April 16, 2021; and the Affirmation of Joel C. Haims in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213, dated April 16, 2021, Plaintiff RREF III STORAGE LLC ("Plaintiff") will move this Court before the Commercial Division Submission Part at the New York County Courthouse, 60 Centre Street, Room 130, New York, New York 10007, on May 27, 2021, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an Order Granting Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213 in favor of Plaintiff against Defendant NATIN PAUL ("Defendant") (1) in the amount of $99,396,687.72, comprising an aggregate principal amount of $82 million plus $595,525.00 in interest accruing at 8.715%; $14,084,080.17 in default interest accruing at 13.715% from the date of GVS Portfolio I B, LLC's ("GVS") default on December 6, 2019 and late payment charges; $1,153,244.46 in protective advances; and $1,563,838.09 in costs and expenses related to enforcement of the Loan, on the grounds that this action is based upon an

1

ny-2095951

instrument for the payment of money only and Defendant cannot raise any triable issue of fact; and (2) awarding Plaintiff such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that answering papers are required to be served upon the undersigned no later than the later of: (i) the thirtieth day after service is complete, if the summons and notice are delivered to your authorized agent for service within the State of New York; or (ii) ten days prior to the return date of this motion.

Dated: New York, New York
      April 16, 2021

/s/ *Joel C. Haims*
Joel C. Haims
Haimavathi V. Marlier
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
212.468.8000
jhaims@mofo.com
hmarlier@mofo.com

*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

---

RREF III STORAGE LLC,

                Plaintiff,

      v.

NATIN PAUL,

                Defendant.

---

Index No. _____ /2021

Motion Sequence No. 001

**Oral Argument Requested**

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF
# COMPLAINT PURSUANT TO CPLR § 3213

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000

*Attorneys for Plaintiff*

ny-2095941

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

NO PRIOR ACTION .....................................................................................................................1

STATEMENT OF UNDISPUTED FACTS...................................................................................1

    A.    The Loan Covered by the Guaranty. ......................................................................1

    B.    Defendant's Guaranty to Repay the Debt................................................................3

    C.    The Loan is in Default.............................................................................................4

    D.    GVS's Bankruptcy ..................................................................................................5

    E.    Defendant's Failure to Honor the Guaranty. ..........................................................5

    F.    Amounts Due and Owing. ......................................................................................5

ARGUMENT..................................................................................................................................6

I.    Plaintiff May Avail Itself of CPLR § 3213 to Enforce the Guaranty...............................6

II.    Plaintiff Has Established a *Prima Facie* Case for Its Claims. .........................................7

CONCLUSION...............................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank of Am., N.A. v. Solow*,
  59 A.D.3d 304 (1st Dep't 2009) ....................................................................................8

*Bank of Am., N.A. v. Tatham*,
  305 A.D.2d 183 (1st Dep't 2003) ..................................................................................7

*Cmty. Nat'l Bank & Tr. Co. of N.Y. v. I.M.F. Trading, Inc.*,
  167 A.D.2d 193 (1st Dep't 1990) ..................................................................................8

*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*,
  25 N.Y.3d 485 (2015) ...................................................................................................6

*Jason Trading Corp. v. Lason Trading Corp.*,
  303 A.D.2d 180 (1st Dep't 2003) ..................................................................................6

*Poah One Acquisition Holdings V Ltd. v. Armenta*,
  96 A.D.3d 560 (1st Dep't 2012) ....................................................................................6

*Reliance Constr. Ltd. v. Kennelly*,
  70 A.D.3d 418 (1st Dep't 2010) ....................................................................................7

*Sarfati v. Palazzolo*,
  142 A.D.3d 877 (1st Dep't 2016) ..................................................................................7

*Simoni v. Time-Line, Ltd.*,
  272 A.D.2d 537 (2d Dep't 2000) ...............................................................................7, 8

**Other Authorities**

CPLR § 3213 ..........................................................................................................*passim*

NYSCEF DOC. NO. 2
INDEX NO. 652558/2021
RECEIVED NYSCEF: 04/16/2021

Case 21-10690-CSS   Doc 9-24   Filed 04/26/21   Page 7 of 15

Plaintiff RREF III STORAGE LLC ("RREF" or "Plaintiff") respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213 against Defendant NATIN PAUL ("Defendant" or "Guarantor").

## PRELIMINARY STATEMENT

RREF seeks enforcement of the Guaranty of Recourse Obligations (Mezzanine 2 Loan) (the "Guaranty") whereby Defendant unconditionally guaranteed that he would be personally liable, as primary obligor, for all obligations payable with respect to two loans totaling $82 million (together, the "Loan") extended to GVS Portfolio I B, LLC ("GVS" or "Borrower") if GVS voluntarily filed for bankruptcy. There are no facts in dispute. Defendant is the President and indirect owner of GVS. RREF is the holder of the Loan, including all rights under the Guaranty. The Loan has long been in default, with an outstanding balance including principal, interest, late payment charges, and all other sums due, including costs and expenses of enforcement, of more than $99 million and growing each day (the "Debt"). On April 12, 2021, GVS voluntarily filed for Chapter 11 bankruptcy, triggering Defendant's unconditional obligation under the Guaranty to pay the entire Debt. Having demanded payment from Defendant to no avail, RREF now respectfully moves this Court for a judgment in the amount of the entire Debt, plus all costs and expenses incurred in enforcing the Guaranty.

## NO PRIOR ACTION

No prior application for the relief requested herein has been made to this Court or any other court.

## STATEMENT OF UNDISPUTED FACTS

**A.  The Loan Covered by the Guaranty.**

RREF is the holder of a (1) $63 million loan (the "Initial Loan"), originally extended to

1

ny-2095941

GVS by UBS AG, By and Through its Branch Office at 1285 Avenue of the Americas, New York, New York ("UBS" and, together with its successor and assigns, "Lender") and a (2) $19 million loan (the "Supplemental Loan"), originally extended to GVS by Teachers Insurance Annuity Association of America ("TIAA"). (O'Toole Aff. ¶ 3 & Exs. 1, 7.)[1]

UBS extended the Initial Loan to GVS pursuant to a Mezzanine 2 Loan Agreement dated as of November 30, 2018 (the "Loan Agreement"). (O'Toole Aff. ¶ 8 & Ex. 1.) Defendant signed the Loan Agreement for GVS and, as discussed in Section B., *infra*, extended the Guaranty to UBS as an inducement. The Loan Agreement expressly permits the Lender to sell or otherwise transfer the Initial Loan. UBS assigned the Initial Loan to TIAA pursuant to a Mezzanine Assignment and Assumption Agreement (Mezzanine 2 Loan), dated as of December 3, 2018. (O'Toole Aff. ¶ 10 & Ex. 6.)

TIAA then made the Supplemental Loan to GVS pursuant to the Omnibus Amendment to Mezzanine 2 Loan Documents ("Omnibus Amendment") (O'Toole Aff. ¶ 11 & Exs. 7–8.) Defendant signed the Omnibus Amendment for GVS and in his personal capacity to reaffirm his obligations under the Guaranty. (O'Toole Aff. ¶ 11 & Ex. 7.) The Omnibus Amendment incorporates the Loan Agreement and the Guaranty, and defines "Loan" to express the aggregate principal amount of $82 million (i.e. $63 million plus $19 million). (O'Toole Aff. ¶ 11 & Ex. 7 ¶ 1.3.)

On March 8, 2021, RREF acquired the Loan from TIAA pursuant to a Mezzanine Assignment and Assumption Agreement (the "Assignment"). (O'Toole Aff. ¶ 12 & Ex. 9.)

---

[1] "O'Toole Aff." refers to the Affidavit of Richard O'Toole in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213 filed herewith. "Haims Aff." refers to the Affirmation of Joel C. Haims in Support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213 filed herewith.

Under the Assignment, TIAA assigned to RREF "all of its right, title, and interest in and to" the "Loan Documents," which is defined in the Assignment to include the Guaranty. (O'Toole Aff. ¶ 12 & Ex.9 ¶ 2.)

### B. Defendant's Guaranty to Repay the Debt.

Defendant executed the Guaranty as an "inducement to Lender to make the Loan to Borrower and to extend such additional credit as Lender may from time to time agree to extend[.]" (O'Toole Aff. ¶ 14 & Ex. 12, at 1.) The Omnibus Amendment makes clear that:

> [A]ny and all guaranties and indemnities for the benefit of Lender that constitute Loan Documents (including, without limitation, the Guaranty) are hereby ratified and confirmed and shall not be released, diminished, impaired, reduced or adversely affected by this Amendment, and Guarantor hereby consents, acknowledges and agrees to the modifications set forth in this Amendment.

(O'Toole Aff. ¶ 16 & Ex. 7 ¶ 9.) The Guaranty is still in effect. (O'Toole Aff. ¶ 16 & Ex. 12 § 1.2.)

Under the Guaranty, Defendant guaranteed to Lender, and its successors and assigns, payment and performance of the "Guaranteed Obligations" as a primary obligor. (O'Toole Aff. ¶ 13 & Ex. 12 § 1.1(a).) The "Guaranteed Obligations" for which Defendant "irrevocably and unconditionally covenant[ed] and agree[d] that [he] is liable," (O'Toole Aff. ¶ 13 & Ex. 12 § 1.1(a)), means "from and after the date that any Springing Recourse Event occurs, payment of the entire Debt," (O'Toole Aff. ¶ 15 & Ex. 12 § 1.1(b)). Springing Recourse Events are defined to include GVS's filing of "a voluntary petition, case or proceeding under any applicable Bankruptcy Law." (O'Toole Aff. ¶ 17 & Ex. 1 § 11.22(b).) The terms of the Guaranty are clear that, upon the occurrence of a Springing Recourse Event, Defendant "shall, immediately upon demand by [RREF] and without . . . any other notice whatsoever, all such notices being hereby waived by [Defendant], pay . . . the amount due on the Guaranteed Obligations." (O'Toole Aff.

3

ny-2095941

¶ 18 & Ex. 12 § 1.4.)

Defendant's obligations under the Guaranty, should he fail to perform, are not limited to the amount of the Debt. Defendant agreed that, "[i]n the event that [he] should breach or fail to timely perform any provisions of" the Guaranty," he "shall, immediately upon demand" by RREF, "pay [RREF] all costs and expenses (including court costs and reasonable attorneys' fees) incurred by [RREF] in the enforcement hereof or the preservation of [RREF's] rights hereunder." (O'Toole Aff. ¶ 20 & Ex. 12 § 1.7.) Defendant also agreed that his obligation to pay costs and reasonable attorneys' fees included "interest thereon at the Default Rate from the date requested by [RREF] until the date of payment to [RREF]. The covenant . . . shall survive payment and performance of the Guaranteed Obligations."[2] (O'Toole Aff. ¶ 20 & Ex. 12 § 1.7.)

### C.     The Loan is in Default.

GVS has been in default on the Loan since December 6, 2019. (O'Toole Aff. ¶ 22 & Ex. 13.) The Loan Agreement provides that GVS's failure to pay its monthly Debt Service payment of the Mezzanine 2 Loan "shall constitute an Event of Default." (O'Toole Aff. ¶ 22 & Ex. 1 § 10.1(a)(i).) On December 6, 2019, GVS failed to make its monthly Debt Service payment under the Loan Agreement. (O'Toole Aff. ¶ 24 & Ex. 13.) On that day, TIAA provided GVS with notice that an Event of Default had occurred by virtue of GVS's failure to pay its monthly Debt Service on the Loan by 3:00 p.m. on December 6, 2019. (O'Toole Aff. ¶ 24 & Ex. 13, at 2.) The notice informed GVS that, in light of the Events of Default, "Mezzanine 2 Lender hereby accelerates the Mezzanine 2 Loan and declares the Mezzanine 2 Loan to be immediately due and payable in full." (O'Toole Aff. ¶ 24 & Ex. 13, at 2.) As of

---

[2] The Guaranty also makes clear that Defendant agreed that GVS's bankruptcy, should it occur, would have no effect on his unconditional obligation to pay the entire Debt. (Ex. 12 § 2.3.)

4

ny-2095941

December 6, 2019, the aggregate principal outstanding on the Loan was $82 million. (O'Toole Aff. ¶ 25 & Ex. 13.)

### D. GVS's Bankruptcy

On April 12, 2021—just before a foreclosure sale of the collateral securing the Loan under the Uniform Commercial Code was scheduled to occur—GVS filed a Voluntary Petition for Non-Individuals Filing for Bankruptcy in the Bankruptcy Court for the District of Delaware. (O'Toole Aff. ¶ 28 & Ex. 14.) Defendant signed the bankruptcy petition as "Authorized Agent" for GVS. (O'Toole Aff. ¶ 29 & Ex. 14.) Under the terms of the Loan Agreement and Guaranty, GVS's bankruptcy filing constitutes a Springing Recourse Event, (O'Toole Aff. ¶ 30 & Ex. 1 § 11.22(b)(ii)(D), Ex. 12 § 1.1(b).), triggering Defendant's obligation to pay the entire Debt.

### E. Defendant's Failure to Honor the Guaranty.

On April 15, 2021, RREF demanded payment under the Guaranty from Defendant. (Haims Aff. ¶ 2 & Ex. 1.) Defendant has failed to make payment. (O'Toole Aff. ¶ 33.)

### F. Amounts Due and Owing.

The Debt has been in default since December 6, 2019, (O'Toole Aff. ¶¶ 22–25), during which time default interest and late payment charges have accrued under the terms of the Loan Agreement, (O'Toole Aff. ¶ 26), and Lender and its predecessors have incurred legal fees, costs, and expenses in connection with enforcement of the Loan, all of which sums are part of the Debt guaranteed by Defendant. As a result, the Debt constituting Defendant's Guaranteed Obligation stands at $99,396,687.72, comprising an aggregate principal amount of $82 million plus $595,525.00 in interest accruing at 8.715%; $14,084,080.17 in default interest accruing at 13.715% from the date of GVS's default on December 6, 2019 and late payment charges; $1,153,244.46 in protective advances; and $1,563,838.09 in costs and expenses related to enforcement of the Loan. (O'Toole Aff. ¶ 31.) As of the date of this filing, Defendant has made

5

ny-2095941

no payment of the Debt. (O'Toole Aff. ¶ 34.) RREF continues to accrue attorneys' fees and costs in enforcing the Debt and Guaranty. (O'Toole Aff. ¶ 34.)

## ARGUMENT

**I.      Plaintiff May Avail Itself of CPLR § 3213 to Enforce the Guaranty.**

"When an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." CPLR § 3213. The purpose of CPLR § 3213 is "to provide quick relief on documentary claims so presumptively meritorious that a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is needless." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 491–92 (2015) (internal quotation marks and citation omitted). Courts routinely deem unconditional guaranties as "instrument[s] for the payment of 'money only'" within the purview of CPLR § 3213 and, therefore, subject to resolution consistent with the statute. *Id.* (collecting cases).

Here, as a result of the voluntary bankruptcy filing by GVS, the Guaranty is an irrevocable and unconditional instrument for the payment of money only and, therefore, it should be strictly enforced under CPLR § 3213. *See, e.g.*, *Poah One Acquisition Holdings V Ltd. v. Armenta*, 96 A.D.3d 560, 560 (1st Dep't 2012) (affirming order granting summary judgment in lieu of complaint because "Plaintiff appropriately moved [under CPLR § 3213] based on the absolute and unconditional guaranty"); *Jason Trading Corp. v. Lason Trading Corp.*, 303 A.D.2d 180 (1st Dep't 2003) (affirming order granting summary judgment in lieu of complaint, explaining that "unconditional guaranty . . . is an instrument for the payment of money only within the meaning of CPLR 3213"). New York courts also consistently enforce "[g]uaranties that contain language obligating the guarantor to payment without recourse to any

defenses or counterclaims, *i.e.*, guaranties that are 'absolute and unconditional.'" *Cooperatieve Centrale Raiffeisen-Boerenleenbank*, 25 N.Y.3d at 493 (collecting cases). Here, the Guaranty is expressly absolute and unconditional and explicitly waives any defenses. Thus, Defendant is precluded from invoking any affirmative defenses or counterclaims, and the Guaranty should be enforced.

The Guaranty at issue here is consistent with the absolute and unconditional guarantees routinely enforced by the courts. Accordingly, as provided by the Guaranty, Defendant is liable to RREF for the Debt, plus costs and expenses incurred by RREF to enforce the Guaranty.[3]

## II. Plaintiff Has Established a *Prima Facie* Case for Its Claims.

To rely on CPLR § 3213, a plaintiff must satisfy its *prima facie* burden by proving "the existence of the guaranty executed by defendant, the underlying debt, and defendant's failure to perform under the guaranty." *Sarfati v. Palazzolo*, 142 A.D.3d 877, 877 (1st Dep't 2016) (affirming summary judgment in favor of plaintiff); *see also Reliance Constr. Ltd. v. Kennelly*, 70 A.D.3d 418, 419 (1st Dep't 2010) (reversing denial of summary judgment because "Plaintiff made a *prima facie* showing for summary judgment by proving the absolute and unconditional guaranties and the guarantors' failure to perform"); *Bank of Am., N.A. v. Tatham*, 305 A.D.2d 183, 183 (1st Dep't 2003) (affirming summary judgment because plaintiff demonstrated "proof of the loan documents, including the guaranty agreement," and defendant's "failure to pay and in accordance therewith"). After plaintiff satisfies its *prima facie* burden, the burden then shifts to the defendant to establish, by admissible evidence, the existence of a triable issue of fact in order to avoid enforcement. *Simoni v. Time-Line, Ltd.*, 272 A.D.2d 537, 537–38 (2d Dep't 2000)

---

[3] Upon a finding a liability by this Court, RREF respectfully requests the opportunity to submit proof of its actual costs and expenses and continued interest through the entry of judgment in the above-captioned action.

(citations omitted) (reversing denial of summary judgment because defendant failed to establish, by admissible evidence, the existence of a triable issue of fact).

Here, as demonstrated above and in the accompanying O'Toole Affidavit and Haims Affirmation, Plaintiff has satisfied its *prima facie* burden. *Bank of Am., N.A. v. Solow*, 59 A.D.3d 304, 304 (1st Dep't 2009) (affirming summary judgment because, among other reasons, plaintiff's claims were supported by an affidavit of nonpayment). It is undisputed that Defendant personally executed the operative documents at issue in this matter, including those that obligate and indebt GVS as Borrower, the Guaranty, and the bankruptcy petition. It is further undisputed that GVS defaulted on its obligations, filed for voluntary bankruptcy, and Plaintiff invoked its rights under the Guaranty by demanding payment of the Debt from Defendant. To date, Plaintiff has not received any funds from Defendant, and the Guaranteed Obligations remain outstanding with default interest and fees continuing to accrue each day.

Defendant is also liable for Plaintiff's ongoing fees and expenses incurred in enforcing the Guaranty. Courts in New York regularly enforce these provisions. *See, e.g., Simoni*, 272 A.D.2d at 538 (concluding plaintiff is entitled to attorneys' fees incurred in enforcing guaranty); *Cmty. Nat'l Bank & Tr. Co. of N.Y. v. I.M.F. Trading, Inc.*, 167 A.D.2d 193, 194 (1st Dep't 1990) (same). Thus, summary judgment should be awarded in favor of Plaintiff with Defendant reimbursing Plaintiff for its attorneys' fees and costs.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order Granting Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213 in favor of Plaintiff against Defendant (1) in the amount of $99,396,687.72, comprising an aggregate principal amount of $82 million plus $595,525.00 in interest accruing at 8.715%; $14,084,080.17 in default interest accruing at 13.715% from the date of GVS's default on December 6, 2019 and

late payment charges; $1,153,244.46 in protective advances; and $1,563,838.09 in costs and expenses related to enforcement of the Loan, on the grounds that this action is based upon an instrument for the payment of money only and Defendant cannot raise any triable issue of fact; and (2) awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
   April 16, 2021

/s/ *Joel C. Haims*
_____
Joel C. Haims
Haimavathi V. Marlier
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000

*Attorneys for Plaintiff*