## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| GVS Porfolio I B, LLC,[1] | Case No. 21-10690 (CSS) |
| Debtor. | |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

### Introduction

GVS Portfolio I B, LLC, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), submits its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement", and together with the Schedules, the "Schedules and Statement") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules and Statement (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Schedules and Statement.  The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statement.

In preparing the Schedules and Statement, the Debtor relied upon information derived from its books and records that were available at the time of such preparation.  Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statement.  Accordingly, the Debtor reserves all of its rights to amend, supplement, or otherwise modify the Schedules and Statement as is necessary and appropriate.

The Debtor, its officers, agents, and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  Except as expressly required by the Bankruptcy Code, the Debtor and its officers, employees, agents and attorneys expressly do not undertake any obligation to

---

[1] The Debtor in this chapter 11 case, together with the last four digits of the Debtor's federal tax identification number, is as follows: GVS Portfolio I B, LLC (7171).  The mailing address for the Debtor, solely for purposes of notices and communications, is: 814 Lavaca Street, Austin, TX 78701.

update, modify revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  The Debtor, on behalf of itself, its officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statement and reserve all rights with respect thereto.

## Global Notes and Overview of Methodology

1.     <u>Reservation of Rights</u>.  Reasonable best efforts have been made to prepare and file complete and accurate Schedules and Statement; however, inadvertent errors or omissions may exist.  The Debtor reserves all rights to amend or supplement the Schedules and Statement from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statement with respect to any claim ("Claim") description, or designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statement as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated."  In addition, **the Debtor hereby reserves any and all rights to amend or supplement the types of assets, the asset amounts, and asset values of any assets set forth in the Schedules and Statement, without regard to the type of asset, at any time as the Debtor determines to be necessary.**  Furthermore, nothing contained in the Schedules and Statement shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving Claims, setoff, recoupment, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statement (including, without limitation, Schedule A/B, Schedule D, Schedule E/F, Statement 3, or Statement 4) by the Debtor is a statement of what appears in the Debtor's books and records and does not reflect any admission or conclusion of the Debtor regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtor reserves all rights with respect to such obligations.

2.     <u>Description of Case and "as of" Information Date</u>.  On April 12, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is managing its business and property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**The asset information provided herein, except as otherwise noted, represents the asset and liability data of the applicable Debtor as of the Petition Date**.  In some instances, the Debtor has used estimates or pro-rated amounts where actual data as of the aforementioned date was not available.  The Debtor has made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection

with the preparation of the Schedules and Statement.  As additional information becomes available and further research is conducted, the Debtor may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statement accordingly.

3.    **Basis of Presentation**.    The Schedules and Statement reflect the assets and liabilities of the Debtor.  For financial reporting purposes, these Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile the financial statements previously distributed to lenders, major creditors or various equity holders on an intermittent basis. Additionally, the Schedules and Statement contain unaudited information that is subject to further review and potential adjustment.

4.    **Reclassification**.    Notwithstanding the Debtor's reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statement, the Debtor may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items.  Accordingly, the Debtor reserves all rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statement at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.    **Materialman's/Mechanic's Liens**.    The assets listed in the Schedules and Statement are presented without consideration of any materialman's or mechanic's liens.

6.    **Classifications**.    Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F Part 1 as "priority," (c) Schedule E/F Part 2 as "unsecured," or (d) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the Claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

7.    **Claims Description**.    Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on the Debtor's Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtor reserves all rights to dispute, or assert offsets or defenses to, any Claim reflected on the Debtor's Schedules and Statement on any grounds, including liability or classification.  Additionally, the Debtor expressly reserves all rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

8.    **Causes of Action**.    Despite reasonable best efforts to identify all known assets, the Debtor may not have listed all causes of action or potential causes of action against third-parties as assets in the Schedules and Statement, including, without limitation, causes of actions arising under intellectual property law and/or the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtor reserves all

rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") it may have, and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

      **9.**    **Summary of Significant Reporting Policies. Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

    a)   Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b)   Totals.  All totals that are included in the Schedules and Statement represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c)   Liens.  Property and equipment listed in the Schedules and Statement are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

      **10.**    **Estimates and Assumptions**.  Because of the timing of the filing, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual results could differ from those estimates, perhaps materially.  The Debtor reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

      **11.**    **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

      **12.**    **Global Notes Control**.  In the event that the Schedules and Statement differ from the foregoing Global Notes, the Global Notes shall control.

## Specific Disclosures with Respect to the Debtor's Schedules

**Schedule A/B**.  All values set forth in Schedule A/B reflect the book value of the Debtor's assets as of the Petition Date, unless otherwise noted below.  **The Debtor hereby reserves any and all rights to amend or supplement the types of assets, the asset amounts, and asset values set forth in Schedule A/B, without regard to the type of asset, at any time as the Debtor determines to be necessary.**

**Schedule A/B74 and A/B75**. The Debtor's failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Schedule D.**  Reference to the applicable related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any asserted liens.  Nothing in the Global Notes or the Schedules and Statement shall be deemed a modification or interpretation of the terms of such related documents.  Nothing herein shall be construed as an admission by the Debtor of the legal rights of the Claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claim.  Moreover, the Debtor has not included on Schedule D parties that may believe its Claims are secured through setoff rights or inchoate statutory lien rights.

**Schedule E/F, Part 2**.  The Debtor has used reasonable best efforts to report all general unsecured Claims against the Debtor on Schedule E/F, Part 2 based upon the Debtor's books and records as of the Petition Date.

The Claims listed on Schedule E/F, Part 2 arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each Claim, the Debtor's books and records do not include invoice dates when aggregating total accounts payable from which the Claims on Schedule E/F are derived.  Manually entering such information to Part 2 would be unduly burdensome and cost prohibitive.  Therefore, the Debtor may not list a date for each Claim listed on Schedule E/F, Part 2.

**Schedule G**.  Although the Debtor's existing books, records and financial systems have been relied upon to identify and schedule executory contracts and diligent efforts have been made to ensure the accuracy of the Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred.  Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtor's reasonable efforts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtor hereby reserves all rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G, if any, and to amend or supplement Schedule G as necessary.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

## Specific Disclosures with Respect to the Debtor's Statement

**Statement 3**.  Statement 3 includes any disbursement or other transfer made by the Debtor within 90 days before the Petition Date except for those made to insiders (which payments, if any, appear in response to Statement 4), and bankruptcy professionals (which payments, if any, appear in response to Statement 11).  No distributions have been reflected on the statements, including payments made through the lockbox account in the name of GVS Texas Holdings I, LLC since the Debtor has no control over the account.

**Statement 4.**  The Debtor has included all distributions made over the twelve months preceding the Petition Date to any individual that may be considered an "insider."  Solely for purposes of preparing the Schedules and Statement, the Debtor included the following for purposes of defining "insiders:" (a) managers; (b) officers; (c) other persons who exercised "control" over the Debtor's operations; and (d) members of the Debtor.  The Debtor does not believe that all such Persons in these categories are in fact insiders with control over the Debtor.  Persons listed as "insiders" have been included for informational purposes only and including them in the Schedules and Statement shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code or otherwise.  Moreover, the Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether the Debtor or such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Fill in this information to identify the case:**

Debtor name ___GVS Portfolio I B, LLC___

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (If known): ___21-10690___

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:    Income

1.  **Gross revenue from business**

    ☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01 / 01/ 2021 to Filing date<br>MM / DD / YYYY | ☒ Operating a business<br>☐ Other _____ | $ 110,871.00 |
| **For prior year:** | From 01 / 01/ 2020 to 12 / 31 / 2020<br>MM / DD / YYYY          MM / DD / YYYY | ☒ Operating a business<br>☐ Other _____ | $ 2,731,720.00 |
| **For the year before that:** | From 01 / 01 2019 to 12 / 31 / 2019<br>MM / DD / YYYY          MM / DD / YYYY | ☒ Operating a business<br>☐ Other _____ | $ 6,572,123.00 |

2.  **Non-business revenue**

    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☒ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to Filing date<br>MM / DD / YYYY | _____ | $_____ |
| **For prior year:** | From _____ to _____<br>MM / DD / YYYY          MM / DD / YYYY | _____ | $_____ |
| **For the year before that:** | From _____ to _____<br>MM / DD / YYYY          MM / DD / YYYY | _____ | $_____ |

| Debtor | GVS Portfolio I B, LLC | Case number (if known) | 21-10690 |
|---|---|---|---|
| | Name | | |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State        ZIP Code | | | ☐ Other _____ |
| 3.2. | | | $ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City          State        ZIP Code | | | ☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | | | | |
| | City          State        ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |
| 4.2. | | | $ | |
| | Insider's name | | | |
| | Street | | | |
| | | | | |
| | City          State        ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |

| Debtor | GVS Portfolio I B, LLC | Case number (if known) 21-10690 |
|---|---|---|
| | Name | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| 5.2. | | | | $_____ |
| | Creditor's name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| | Last 4 digits of account number: XXXX– __ __ __ __ | | |
| City          State          ZIP Code | | | |

---

**Part 3:    Legal Actions or Assignments**

---

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | See Attachment A | | | ☐ Pending |
| | | | Name | ☐ On appeal |
| | Case number | | Street | ☐ Concluded |
| | | | | |
| | | | City          State          ZIP Code | |
| 7.2. | Case title | | Court or agency's name and address | ☐ Pending |
| | | | Name | ☐ On appeal |
| | Case number | | Street | ☐ Concluded |
| | | | | |
| | | | City          State          ZIP Code | |

| Debtor | GVS Portfolio I B, LLC | Case number (if known) | 21-10690 |
| --- | --- | --- | --- |
| | Name | | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
| --- | --- | --- |
| | | $_____ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | | |
| | | Name |
| City          State          ZIP Code | **Case number** | Street |
| | | City          State          ZIP Code |
| | **Date of order or assignment** | |

## Part 4:  Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- |
| **9.1.** Recipient's name | | _____ | $_____ |
| Street | | | |
| City          State          ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| | | | |
| **9.2.** Recipient's name | | | $_____ |
| Street | | | |
| City          State          ZIP Code | | | |
| Recipient's relationship to debtor | | | |

## Part 5:  Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
| --- | --- | --- | --- |
| | | _____ | $_____ |

Debtor    GVS Portfolio I B, LLC                                    Case number (if known) 21-10690
          Name

---

| **Part 6:** | **Certain Payments or Transfers** |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1. _____ | _____ | _____ | $_____ |
| **Address** _____ | | | |
| Street _____ | | | |
| City      State    ZIP Code | | | |
| **Email or website address** _____ | | | |
| **Who made the payment, if not debtor?** _____ | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2. _____ | _____ | _____ | $_____ |
| **Address** _____ | | | |
| Street _____ | | | |
| City      State    ZIP Code | | | |
| **Email or website address** _____ | | | |
| **Who made the payment, if not debtor?** _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| **Trustee** _____ | | | |

Debtor      GVS Portfolio I B, LLC
_____          Case number (if known)  21-10690
            Name

## 13. Transfers not already listed on this statement

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ Street | | | |
| | _____ City            State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | Who received transfer? _____ | _____ _____ | _____ | $_____ |
| | **Address** | | | |
| | _____ Street | | | |
| | _____ City            State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

### Part 7:    Previous Locations

## 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | 401 Congress Avenue, 33rd Floor Street | From _____ To 3/31/19 |
| | Austin                    TX      78701 City                State     ZIP Code | |
| 14.2. | _____ Street | From _____ To _____ |
| | _____ | |
| | _____ City            State     ZIP Code | |

| Debtor | GVS Portfolio I B, LLC | Case number (if known) | 21-10690 |
|---|---|---|---|
| | Name | | |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. Facility name | | |
| Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| City        State        ZIP Code | | Check all that apply:<br>☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. Facility name | | |
| Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| City        State        ZIP Code | | Check all that apply:<br>☐ Electronically<br>☐ Paper |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No
☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.
☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: __ __ – __ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No
☐ Yes

| Debtor | GVS Portfolio I B, LLC | Case number *(if known)* 21-10690 |
|---|---|---|
| | Name | |

---

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____ Name _____ Street _____ City     State     ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other_____ | _____ | $_____ |
| 18.2. | _____ Name _____ Street _____ City     State     ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Name _____ Street _____ City     State     ZIP Code | _____ _____ _____ Address _____ _____ | _____ _____ _____ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Name _____ Street _____ City     State     ZIP Code | _____ _____ _____ Address _____ _____ | _____ _____ _____ | ☐ No ☐ Yes |

Debtor    GVS Portfolio I B, LLC                                   Case number (if known) 21-10690
          _____
          Name

---

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| City        State        ZIP Code | | | |

---

| **Part 12:** | **Details About Environmental Information** |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| **Case number** | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City        State        ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City        State        ZIP Code | City        State        ZIP Code | | |

---

Debtor   GVS Portfolio I B, LLC
_____
         Name

Case number (*if known*) 21-10690
_____

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City    State    ZIP Code | City    State    ZIP Code | | |

---

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Name<br>GVS Portfolio I, LLC<br>Street<br>814 Lavaca Street<br>Austin    TX    78701<br>City    State    ZIP Code | Portfolio Company | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _____   To _____ |
| 25.2. | Name<br>Street<br>City    State    ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _____   To _____ |
| 25.3. | Name<br>Street<br>City    State    ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _____   To _____ |

---

| Debtor | GVS Portfolio I B, LLC | Case number *(if known)* 21-10690 |
|---|---|---|
| | Name | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| **26a.1.** Jason Rogers | From 11/19/18 To Present |
| Name | |
| 814 Lavaca Street | |
| Street | |
| Austin                    TX            78701 | |
| City                        State        ZIP Code | |

| Name and address | Dates of service |
|---|---|
| **26a.2.** Barbie Lee | From 11/19/18 To Present |
| Name | |
| 814 Lavaca Street | |
| Street | |
| Austin                    TX            78701 | |
| City                        State        ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☒ None

| Name and address | Dates of service |
|---|---|
| **26b.1.** | From _____ To _____ |
| Name | |
| Street | |
| City                        State        ZIP Code | |

| Name and address | Dates of service |
|---|---|
| **26b.2.** | From _____ To _____ |
| Name | |
| Street | |
| City                        State        ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address Julia Clark & Assocs., PC, 1401 West Ave., Suite B, Austin, TX 7871 | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1.** Julia Clark & Associates | |
| Name | |
| 1401 West Avenue, Suite B | |
| Street | |
| Austin                    TX            78701 | |
| City                        State        ZIP Code | |

Debtor    GVS Portfolio I B, LLC
_____
Name

Case number (if known)  21-10690
_____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | _____ |
| Street | _____ |
| | _____ |
| City                    State          ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. |
| Name |
| Street |
| |
| City                    State          ZIP Code |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| |
| City                    State          ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| |
| City                    State          ZIP Code |

Debtor   GVS Portfolio I B, LLC
         _____          Case number (if known)  21-10690
         Name                                                                  _____

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.   _____
        Name

        _____
        Street

        _____
        City                          State        ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Natin Paul | 814 Lavaca Street, Austin TX 78701 | President | _____ |
| GVS Portfolio I C, LLC | 814 Lavaca Street, Austin TX 78701 | Member | 100% |
| Richard Arthur | 814 Lavaca Street, Austin TX 78701 | Independent Director | _____ |
| Colleen De Vries | 814 Lavaca Street, Austin TX 78701 | Independent Director | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1.   _____ Name | _____ | _____ | _____ |
| _____ Street | | | |
| _____ | | _____ | |
| _____ City          State        ZIP Code | | _____ | |
| **Relationship to debtor** | | | |
| _____ | | _____ | |

| Debtor | GVS Portfolio I B, LLC | Case number (*if known*) 21-10690 |
|---|---|---|
| | Name | |

---

**Name and address of recipient**

30.2

Name

Street

City                    State        ZIP Code

**Relationship to debtor**

---

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| World Class Holdings I, LLC | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

---

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05 / 17 / 2021
            MM / DD / YYYY

✗   /s/ Natin Paul                          Printed name   Natin Paul
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☒ Yes