# EXHIBIT A

# Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GVS Portfolio I B, LLC, | ) Case No. 21-10690 (CSS) |
| | ) |
| Debtor. [1] | ) **Re: Docket No. ____** |
| | ) |

**ORDER APPROVING CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE ORDER**

Upon consideration of the certification of counsel submitting the *Confidentiality Agreement and Stipulated Protective Order* (the "Protective Order")[2], a copy of which Protective Order is attached hereto as **Exhibit 1**; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Protective Order is approved and incorporated herein by reference.

2.      The parties are authorized to take all actions necessary to effectuate the terms of the Protective Order.

3.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

---

[1]      The Debtor in this chapter 11 case, together with the last four digits of the Debtor's taxpayer identification number, is as follows: GVS Portfolio I B, LLC (7171).  The Debtor's mailing address is 814 Lavaca Street, Austin, TX 78701.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Protective Order.

## Exhibit 1

**Confidentiality Agreement and Stipulated Protective Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GVS Portfolio I B, LLC, | ) | Case No. 21-10690 (CSS) |
|  | ) |  |
| Debtor. [1] | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**CONFIDENTIALITY AGREEMENT**
**AND STIPULATED PROTECTIVE ORDER**

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into by and between (a) GVS Portfolio I B, LLC (the "Debtor") and (b) RREF III Storage LLC ("RREF") (each a "Party" and, collectively, the "Parties").

WHEREAS, there are, or may be, certain contested matters between the Debtor and RREF (such as the motion (the "Motion to Dismiss") filed by RREF to dismiss the Debtor's chapter 11 case [D.I. 8]) (the "Disputes") arising out of the Debtor's filing of a voluntary petition under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"), thereby commencing the instant case (the "Chapter 11 Case"); and

WHEREAS, the Parties have sought or may seek certain discovery from one another with respect to the Disputes, by formal or informal means, including through service of document requests, interrogatories, depositions, and otherwise as provided by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court ("Discovery Requests");

---

[1]     The Debtor in this chapter 11 case, together with the last four digits of the Debtor's taxpayer identification number, is as follows: GVS Portfolio I B, LLC (7171).  The Debtor's mailing address is 814 Lavaca Street, Austin, TX 78701.

38509547.5

NOW THEREFORE, to expedite the exchange of Discovery Material (as defined below), facilitate the prompt resolution of disputes over confidentiality and protect any Discovery Material that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.     The Parties agree that the Parties shall submit this Order to the Court to serve as a Confidentiality Agreement and Stipulated Protective Order for governing information exchanges and discovery.  The Parties expressly agree to abide by the terms of this agreement even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

2.     All deadlines stated herein shall be computed pursuant to Federal Rule of Bankruptcy Procedure 9006.

## Scope of Order

3.     This Order applies to all information, documents and things exchanged in or subject to discovery produced on or after April 12, 2021 ("Petition Date"), either by a Party or a non-Party (each a "Producing Person"), to either Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including without limitation, deposition testimony (whether based upon oral examination or written questions) and transcripts, deposition exhibits, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced (including documents, information and things produced to a Party for inspection and documents, information and things provided to a Party, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, except as provided in Paragraph 28 below (collectively referred to as "Discovery Material").

4.     This Order applies to documents produced by all non-parties to a Dispute ("non-Parties") that are served with subpoenas in connection with the Disputes or who otherwise

produce documents or are noticed for depositions, and all such non-Parties are entitled to assert the confidentiality protections afforded hereby.

5.     Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she or it may designate documents or testimony produced pursuant to such subpoena according to the provisions herein.

<u>**Designating Discovery Material**</u>

6.     Any Producing Person may designate Discovery Material as "Confidential Material" or "Professionals Eyes Only - Highly Confidential Material," (any such designated Discovery Material, the "<u>Designated Material</u>") in accordance with the following provisions:

a.     <u>Confidential Material</u>:  A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information that:  has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, personal or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c) and Federal Rules of Bankruptcy Procedure 7026 or 9018; or is subject by law or by contract to a legally protected right of privacy; or the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or the Producing Person has in good faith been requested by another Party or

3

non-Party to so designate on the ground that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party.

b.    Professionals Eyes Only - Highly Confidential Material:    A Producing Person may designate Discovery Material as "Professionals Eyes Only - Highly Confidential" only if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such material is of such a nature that "Professionals Eyes Only - Highly Confidential" treatment is warranted because its disclosure to another Party or non-Party would create a substantial risk of serious injury that could not be avoided by a designation of Confidential.

7.    Manner Of Designation:    Where reasonably practicable, any Designated Material shall be designated by the Producing Person as such by marking every such page "Professionals' Eyes Only - Highly Confidential" or "Confidential" respectively.    Such markings should not obliterate or obscure the content of the material that is produced.    Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Professionals' Eyes Only - Highly Confidential" or "Confidential" by informing the person to whom the material is provided in writing in a clear and conspicuous manner at the time of production of such material that such material is "Professionals' Eyes Only - Highly Confidential" or "Confidential."

8.    Inadvertent Failure To Designate:    A Party's inadvertent failure to designate any Discovery Material as "Professionals' Eyes Only - Highly Confidential" or "Confidential" shall

4

not be deemed a waiver of that Party's later claim that such Designated Material is "Professionals' Eyes Only – Highly Confidential" or "Confidential" pursuant to this Order.  At such time, arrangement will be made for the return to the Producing Person of all copies of the mis-designated Discovery Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material.  Upon receipt of replacement copies of such Discovery Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Discovery Material that were mis-designated.  If requested, the Receiving Party shall verify in writing that it has taken all commercially reasonable steps to destroy said mis-designated Discovery Material.

**Use and Disclosure of Confidential or**
**Professionals' Eyes Only - Highly Confidential Material**

9. <u>General Limitations On Use and Disclosure of All Discovery Material</u>:  All Discovery Material, whether or not designated as "Professionals' Eyes Only - Highly Confidential" or "Confidential" in accordance with the provisions herein, shall be used by the Receiving Parties solely for the purposes of the Chapter 11 Case and in any future judicial proceedings relating to the Chapter 11 Case that may result (including, for the avoidance of doubt, a Receiving Party's investigation of Disputes prior to the filing of a case or proceeding), and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

10. <u>Confidential Material</u>:  Confidential Material, and any and all information contained therein, may only be given, shown, made available to or communicated to:

      a.     Debtor;

5

b.      RREF;

c.      subject to agreement of the Parties or further order of the Court, any non-Party who has agreed to be bound by the terms of this Order; and

d.      any other persons specified in Paragraph 11 below.

11.    <u>Professionals' Eyes Only - Highly Confidential Material</u>:  Professionals' Eyes Only - Highly Confidential Material may only be given, shown, made available to or communicated to:

a.      inside or outside counsel, and staff working under the express direction of such counsel, for Debtor and RREF;

b.      industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or the Chapter 11 Case;

c.      any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof;

d.      outside photocopying, graphic production services, or litigation support services;

e.      court reporters, stenographers, or videographers who record deposition or other testimony in the litigation;

f.      the Court, its officers and clerical staff in any judicial proceeding that may result from the Disputes or the Chapter 11 Case;

g.      the Office of the United States Trustee; and

h.      any other person or entity with respect to whom the Producing Person may consent in writing.

12.    <u>Designated Material to Be Disclosed Only in Accordance with Paragraphs 10 and 11</u>:  Professionals' Eyes Only - Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 11.  Confidential Material and the substantive information contained within such items shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 10.

38509547.5

13.    <u>Prerequisite to Disclosure of Designated Material</u>:  Before any person or their representative identified in Paragraph 11(b) or Paragraph 11(h) is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as **<u>Exhibit A</u>** hereto, that he or she read the Order and agrees to be bound by the terms thereof.  Such executed forms shall be retained in the files of counsel for the Party who gave access to the Designated Material.  Such executed forms shall not be subject to disclosure under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure unless a showing of good cause is made and the Court so orders.

14.    <u>Sealing of Designated Material Filed with or Submitted to Court</u>:  Any document containing Designated Material that is submitted to or filed with the Court shall be filed under seal.  Designated Material and any copies thereof, and the information contained therein that are filed with the Court or in pleadings, motions or other papers shall be filed under seal in accordance with the Local Rules of this Court; provided, however, the Court's entry of this Order shall constitute authority pursuant to Local Rule 9018-1(d) and (e) for the parties to file future documents under seal without the necessity of filing a separate Sealing Motion (as defined in the Local Rules of this Court).  Where possible, only those portions of filings with the Court that disclose Designated Material shall be filed under seal.  Each filing party will make a good faith effort to file Designated Material under seal.  If such Designated Material is not accepted for filing by the Court under seal, then such Designated Material shall be filed or presented as the Court instructs.

15.    <u>Use of Discovery Material in Open Court</u>:  The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  Prior to the use of any

7

Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to so offer or use such Designated Material shall meet and confer with the Producing Person to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party.  If the Parties are unable to resolve a dispute involving such redaction, the Party seeking to use such materials at trial or any hearing may then move the Court to resolve any such dispute.

**Depositions**

16.   <u>Deposition Testimony - Manner Of Designation</u>:  In the case of depositions, if counsel for a Party or non-Party believes that a portion or all of the testimony given at a deposition constitutes Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

a.   Stating so orally on the record and requesting that the entire transcript or the relevant portion of testimony is so designated; or

b.   Providing written notice within three (3) days of the deposition that such transcript or videotape of a deposition or the relevant portion thereof is so designated.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 20 below.  Until expiration of the aforesaid three (3) day period following the deposition, all deposition transcripts and videotapes shall be considered and treated as "Professionals' Eyes Only - Highly Confidential Material" unless otherwise agreed on the record at the deposition.

17.     <u>Designated Material Used As Exhibits During Depositions</u>:  Nothing in Paragraph 16 shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions.

18.     <u>Witness Review of Deposition Testimony</u>:  Nothing in Paragraph 16 shall preclude a witness from reviewing the transcript of his or her deposition.

19.     <u>Presence of Certain Persons During Designated Deposition Testimony</u>:  When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

20.     <u>Responsibilities and Obligations of Court Reporters</u>:  In the event that testimony is designated as Confidential or Professionals' Eyes Only - Highly Confidential, the court reporter shall be instructed to include on the cover page of each sealed transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Professionals' Eyes Only - Highly Confidential," as appropriate.  If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential" or "Professionals' Eyes Only - Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

## **General Provisions**

21.     This Order is a procedural device intended to protect confidential Discovery Material.  Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

38509547.5

22.     Nothing contained herein shall be deemed a waiver or relinquishment by any person of any objection, including but not limited to, any objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by a Party, any right to object to any discovery request, or any right to object to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

23.     <u>Late Designation of Discovery Material</u>:  The failure to designate particular Discovery Material as "Confidential" and "Professionals' Eyes Only - Highly Confidential" at the time of production shall not operate to waive a Producing Person's right to later designate such Discovery Material as "Confidential" or "Professionals' Eyes Only - Highly Confidential." Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner consistent with its original designation.  Once such later designation has been made, however, any such material shall be treated in accordance with that latter designation; provided, however, that if the material that was not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation may move for appropriate relief.

24.     <u>Unauthorized Disclosure of Designated Material</u>:  In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such material, the Receiving Party making the disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material, as well as preclude further dissemination or

10

use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.    <u>Manner of Objecting to Designated Material</u>:  If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Person in writing, and seek to confer in good faith to attempt to resolve any dispute respecting the terms of this Order.  If such a dispute cannot be resolved after such objection is first raised, the objecting Party may then seek relief from the Court.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated.  The Court may order the removal of the "Confidential" or "Professionals' Eyes Only - Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order.  In connection with any request concerning the propriety of a "Confidential" or "Professionals' Eyes Only - Highly Confidential" designation, the Party making the designation shall bear the burden of proof.

26.    <u>Timing of Objections to Designated Material</u>:  A Receiving Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Party of Discovery Material as "Confidential" or

11

"Professionals' Eyes Only - Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to the designation at trial.

27.    <u>Inadvertent Production of Privileged Discovery Material</u>:    The production of privileged or work-product protected documents, electronically stored information or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party) that it has produced any Discovery Material which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("<u>Inadvertently Produced Privileged Information</u>"), the Producing Person shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production.  If a Producing Person requests the return, pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information.  If the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefor in writing within three (3) days of receipt of the Producing Person's notification.  The Receiving Party may not use or disclose any Inadvertently Produced Privileged Information until the dispute is resolved.  The Parties shall thereafter meet and confer regarding the disputed privilege claim.  If the Parties cannot resolve their dispute, either Party may, after termination of the meet

38509547.5

and confer process, move the Court for an order determining whether the privilege applies. The Producing Person must preserve the Inadvertently Produced Privileged Information until the dispute is resolved.

28.     Use of Non-Discovery Material:  To the extent that any Party has documents or information that (i) were already in its possession as of the Petition Date; (ii) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Discovery Material"), nothing in this Order shall limit that Party's ability to use Non-Discovery Material in a deposition, hearing, trial or otherwise in connection with these Disputes or the Chapter 11 Case.  Nothing in this Order shall affect the obligation to continue to comply with any other confidentiality obligation to any other person or Party, including but not limited to any confidentiality obligations arising from agreements entered into prior to the Disputes.

29.     Obligations Following Conclusion of the Disputes:  Within the later of sixty (60) days of the conclusion of the relevant Dispute or the termination of this Chapter 11 Case, including all appeals as to all Parties, the Parties and non-Parties shall take all commercially reasonable steps to return to counsel for the respective Producing Person, or destroy, all Designated Material, and all copies or notes thereof in the possession of any person, except that (i) counsel may retain their work product and copies of court filings, transcripts, and exhibits, and (ii) a Party may retain such documents as may be required for regulatory recordkeeping purposes or as otherwise required to be retained by law; provided said retained documents will continue to be treated as provided in this Order.  The requirement to return or destroy Designated

Material in this Paragraph 29 shall not require a Party to search through emails and email attachments, or any archives or backups of electronic material that are not readily retrievable in the ordinary course of business, to identify such Designated Materials or any extracts, abstracts, charts, summaries, notes, or copies made therefrom.  With respect to other electronic material, the Parties agree that deleting Designated Materials by using the "delete" function shall be sufficient for purposes of complying with destruction requirements of this Paragraph 29.  If a person in possession of Designated Material chooses to take all commercially reasonable steps to destroy documents after the conclusion of these proceedings in accordance with this Paragraph 29, that person shall, upon request, certify such destruction in writing to opposing counsel. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

30.    <u>Continuing Applicability of Confidentiality Agreement And Stipulated Protective Order</u>:  The provisions of this Order shall survive the final termination of the Disputes for any retained Designated Material.  The final termination of the Disputes shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

31.    <u>Modification of Confidentiality Agreement and Stipulated Protective Order</u>:  Any Party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of the Order.

32.    <u>Disclosure of Designated Material in Other Proceedings</u>:  Any Receiving Person that may be subject to a motion or other form of legal process or any regulatory process or

demand seeking the disclosure of a Producing Person's Designated Material shall promptly, and in all events within five business days, notify the Producing Person to enable it to have an opportunity to appear and be heard on whether that information should be disclosed.  The burden of opposing enforcement of any such demand before a court or other tribunal belongs to the Producing Person.  Nothing in this paragraph shall be construed as requiring the Receiving Person or anyone else covered by this Stipulation and Order to challenge any such demand before a court or other tribunal or to take any other action not required by this Stipulation and Order.  Any Receiving Person shall refrain from producing a Producing Person's Designated Material until: (a) receipt of written notice from the Producing Person that such party does not object to production of the Designated Material; (b) resolution of any objection asserted by the Producing Person either by agreement or by order of the legal body with jurisdiction over the objection of the Producing Person; or (c) expiration of the time for the Producing Person to object to the legal body with jurisdiction over any such objection.  Compliance by the Receiving Person with (a) any court order directing production of Designated Material, (b) any such demand after expiration of the time to object to the demand, or (c) any agreement in writing with the Producing Person, will not constitute a violation of this Order.

33.    <u>Use of Designated Material By Producing Person</u>:  Nothing in this Order affects the right of any Producing Person that produces Designated Material to use or disclose such material in any way.  Such disclosure will not waive the protections of this Order and will not entitle other Parties, non-Parties, or their attorneys to use or disclose such material in violation of this Order, except that if the Producing Person uses such material in a manner inconsistent with its confidential status, then that may serve as a basis to object to the designation.

34.     <u>Objections to Discovery Requests</u>:  Nothing herein shall be deemed to prevent a Party or non-Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

35.     <u>Obligations of Parties</u>:  Nothing herein shall relieve a party of its obligations under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to discovery requests in connection with the Disputes.

36.     <u>Advice of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

[remainder of page left intentionally blank]

38509547.5

37.    <u>Enforcement</u>:  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court.

Dated: May 19, 2021
      Wilmington, Delaware

*/s/ Daniel N. Brogan*
Neil B. Glassman (DE Bar No. 2087)
Erin R. Fay (DE Bar No. 5268)
Daniel N. Brogan (DE Bar No. 5723)
Gregory J. Flasser (DE Bar No. 6154)
BAYARD P.A.
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Phone: (302) 655-5000
Email: nglassman@bayardlaw.com
Email: efay@bayardlaw.com
Email: dbrogan@bayardlaw.com
Email: gflasser@bayardlaw.com

*Counsel for the Debtor*

38509547.5

*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique Bair DiSabatino (DE Bar No. 6027)
SAUL EWING ARNSTEIN & LEHR LLP
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone:  (302) 421-6800
Email: mark.minuti@saul.com
Email:  monique.disabatino@saul.com

-and-

James M. Peck (admitted *pro hac vice*)
Joel C. Haims (admitted *pro hac vice*)
Theresa A. Foudy (admitted *pro hac vice*)
Haimavathi V. Marlier (admitted *pro hac vice*)
Mark A. Lightner (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Email: jpeck@mofo.com
Email: jhaims@mofo.com
Email: tfoudy@mofo.com
Email: hmarlier@mofo.com
Email: mlightner@mofo.com

*Counsel for RREF III Storage LLC*

18

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

1.      My address is _____ .

2.      My present employer is_____ .

3.      My present occupation or job description is _____

_____ .

4.      I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the Disputes between Debtor and RREF.  I further certify that I will not use "Designated Material" (as defined in the Order) for any purpose other than the Disputes among the parties or the Chapter 11 Case, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material. I agree to be bound by the terms and conditions of the Order.

5.      I understand that I am to refrain from disclosing to any individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any materials I receive which have been designated as Designated Material, and that I will carefully maintain such materials in a manner consistent with the Order.  I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.      I acknowledge and agree that I am aware that by receiving Designated Material (a) I may be receiving material non-public information about companies and (b) there exist laws,

38509547.5

including federal securities laws, which may restrict or prohibit the sale or purchase of securities and debt of such companies as a result of the receipt of such information.

      7.     I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

      Date: _____

                                                              _____
                                                                      (Signature)

38509547.5