**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 25, 2021

Writer's Direct Contact
+1 (212) 336.4409
HMarlier@mofo.com

VIA E-FILING

The Honorable Christopher S. Sontchi
U.S. Bankruptcy Court, District of Delaware
824 N. Market Street, 5th Floor
Wilmington, DE 19801

RE: GVS Portfolio I B, LLC; Case No. 21-10690 (CSS)

Dear Judge Sontchi:

We respectfully submit this letter on behalf of RREF III Storage LLC ("RREF") to respond to the letter of GVS Portfolio I B, LLC (the "Debtor") filed yesterday [D.I. 71] (the "Letter"). RREF has in no way prevented the Debtor from obtaining any discovery relevant to RREF's *Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case with Prejudice and Granting Relief from the Automatic Stay* [D.I. 8] (the "Motion to Dismiss"). Indeed, RREF has gone above and beyond its discovery obligations considering the fact that, under the bifurcated hearing ordered by the Court for May 26, 2021 (the "May 26 Hearing"), the only issue is whether Debtor filed its voluntary bankruptcy petition in good faith. By definition, information in RREF's possession, custody, or control that was not in the Debtor's possession as of its April 12, 2021 bankruptcy petition cannot bear on the issue to be considered at the May 26 Hearing. It is not, therefore, "critical," as Debtor claims, to this stage of this action.

First, the Debtor should not need a second deposition of RREF's witness, Michael Winston. RREF has timely participated in discovery for the May 26 Hearing pursuant to the agreed upon schedule of the parties. *See* **Exhibit 1** attached hereto, Email from Haimavathi Marlier to Thad Bracegirdle and various other recipients, dated May 14, 2021 2:02 PM. This schedule provided that the parties would make document productions on May 19, 2021. *Id.* On May 18, 2021, in its interrogatory responses and objections, RREF identified Michael Winston as the witness it would call to testify at the May 26, 2021 Hearing. On May 19, 2021, counsel for Debtor requested to depose Mr. Winston at 10:00 a.m. on May 20, 2021 with full knowledge that it would receive RREF's document production the night before. *See id.*, Email from Thad Bracegirdle to Haimavathi Marlier and various other recipients, dated May 19, 2021 8:57 AM.

ny-2116083

MORRISON | FOERSTER

May 25, 2021
Page Two

On May 19, 2021, RREF produced to the Debtor 923 documents in electronic, text-searchable format. Debtor's counsel could have loaded these onto a review platform overnight and run simple text searches before Mr. Winston's deposition, but apparently did not. Instead, the Debtor's counsel began Mr. Winston's deposition at 10:05 a.m. and ended it at 11:50 a.m. with two breaks. *See* Letter, at Ex. D. (Michael Winston Dep. Tr.)  As is apparent from the transcript, Mr. Winston testified fully regarding the narrowed Rule 30(b)(6) topics that the Debtor identified. Indeed, counsel for RREF gave the Debtor's counsel broad latitude to ask a range of questions that went beyond the narrowed Rule 30(b)(6) topics identified for Mr. Winston's deposition. *See id.* When the Debtor claimed to need a second round with Mr. Winston, counsel for RREF asked the Debtor to identify documents that it would like to ask Mr. Winston about in a second deposition to gain an understanding of what information the Debtor felt that it lacked. *See* Letter at Ex. E, Email from Haimavathi Marlier to Thad Bracegirdle and various other recipients, dated May 21, 2021 6:44 PM. The Debtor has not identified a single document produced by RREF, or a single additional topic, about which it needs to ask Mr. Winston before the May 26 Hearing. Thus, there is no evidence that RREF attempted to "exploit the compressed discovery schedule," as the Letter claims.

Second, the Letter also misleads the Court as to the scheduling of the Rule 30(b)(6) deposition of the Debtor's designee. Counsel for the Debtor initially proposed that the Debtor's 30(b)(6) witness, Alan Tantleff, be deposed on Monday, May 24, 2021. *See* **Exhibit 1** attached hereto, Email from Thad Bracegirdle to Haimavathi Marlier and various other recipients, dated May 18, 2021 9:29 PM.  Consistent with the schedule agreed to by the parties, RREF offered to depose Mr. Tantleff on May 21, 2021 at noon. *See id.*, Email from Thad Bracegirdle to Haimavathi Marlier and various other recipients, dated May 20, 2021 12:25 PM. The Debtor then offered to schedule the deposition on Saturday, May 22, 2021 and cannot now complain that the schedule it requested gave RREF two days to review the documents it produced. *See id.*  In any event, since the Debtor produced only 69 documents, RREF certainly did not need two days to review them.

Third and finally, RREF's objection to the production of certain appraisals, internal valuations, and bidder participation statements are well within the rules, the scope of the May 26 Hearing, and common sense. At the outset, none of these documents bear on the issue to be considered at the May 26 Hearing. The appraisals that the Debtor seeks are draft appraisals that were never finalized and the internal valuations reflect confidential analyses undertaken by RREF.[1] Certainly, neither could have formed the basis of any assumption by the Debtor of the portfolio's equity value. And there was no requirement for bidders to submit new participation statements for the April 12, 2021 UCC foreclosure sale.

---

[1]   Even if valuation were at issue for the May 26 Hearing, it is the Debtor's burden to demonstrate value.

2

MORRISON | FOERSTER

May 25, 2021
Page Three

      Based on the information the Debtor seeks to compel RREF to produce (including draft appraisals, RREF's internal valuations, and other information that could not have possibly formed the basis for Debtor's decision to file for bankruptcy), the Letter is yet another attempt to re-litigate the New York State court action captioned *GVS Portfolio I B, LLC v. Teachers Ins. Annuity Assoc. of Am.*, No. 654095/2020 (N.Y. Sup. Ct. Aug. 27, 2020). The Letter alone serves as further indication that this is a two-party dispute that has already been resolved by the New York State Supreme Court. Despite the fact that RREF made clear during the May 12, 2021 status conference that RREF's position was that it should not need to produce any discovery, RREF nonetheless has acted in good faith in attempting to accommodate the Debtor's discovery requests and produced far more information to the Debtor than the Debtor produced to RREF. *See* **Exhibit 2** attached hereto, May 12, 2021 Tr. at 7:11-7:17 ("The debtor should not need any discovery to establish why it filed for bankruptcy. The Debtor should already know why it filed for bankruptcy and be able to prove it."). RREF respectfully urges the Court to reject Debtor's last-ditch attempt to procure additional discovery that has no bearing on the Motion to Dismiss.

      Respectfully submitted,

      */s/ Haimavathi V. Marlier*

      Haimavathi V. Marlier

cc via ECF:    Counsel for Debtor